■ PAUL W. VAN VLIET, Respondent, v DEBRA A. VAN VLIET, Appellant. [605 NYS2d 704] —In a matrimonial action in which the parties were divorced by judgment dated September 24, 1990, the defendant former wife appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Orange County (Green, J.), dated August 29, 1991, as denied that branch of her motion which was to modify the judgment of divorce to award her sole custody of the parties' children, and for related relief, and denied that branch of her motion which was for a money judgment against the plaintiff former husband in the principal sum of $2,675.29.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for a money judgment against the plaintiff in the principal sum of $2,675.29, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Orange County, for entry of an appropriate money judgment.

The defendant former wife sought a money judgment in the sum of $2,675.29, representing one-half of the proceeds from the sale of certain stock, owned jointly by the parties. The plaintiff former husband, relying upon certain provisions of the parties' judgment of divorce, argues that the former wife is not entitled to the money. We disagree. The judgment of divorce, which incorporated the terms of the parties' stipulation of settlement, contains the following provisions:

"[To] offset the disparity which exists between the parties' respective and assorted IRA/annuity and individual stock portfolio accounts the plaintiff shall, commencing November 1, 1990, and quarterly thereafter for another eleven quarters, pay the quarterly sum of $791.67 (for an aggregate total of $9,500.04) * * *

"[The] parties shall mutually relinquish all right, title and interest of whatsoever kind or description in, and to, any bank account, stocks, bonds or securities heretofore or hereafter carried in the sole name of the other party alone, or by the other party in trust for a non-party hereto, or by the other party jointly with a non-party hereto, except as hereinabove directed * * *

"[E]xcept as otherwise hereinabove provided, each party shall waive all claims each might have against the other under Domestic Relations Law section 236 (B) (the 'Equitable Distribution Law')".

It is apparent that by these provisions the parties reached an agreement to waive any rights each may have in the property held in the sole name of the other. There is, however, no provision in the judgment of divorce which discusses property jointly held by the parties, let alone compels either party to relinquish an interest in such property. Accordingly, the court erred in denying that branch of the former wife's motion which was for a money judgment in the principal sum of $2,675.29. The husband's assertion that the wife's in-court waiver of certain rights included her right to the $2,675.29, is without merit.

The wife did not raise any issues which warranted a hearing to determine if the best interests of the children would be served by modifying the custody and/or visitation provisions of the judgment of divorce, and to determine certain issues as to how the children should be raised. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.